IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE THOMAS D. PHILIPSBORN IRREVOCABLE INSURANCE TRUST, dated July 10, 2005, and ANDREW I. PHILIPSBORN, as Trustee on Behalf of THE THOMAS D. PHILIPSBORN IRREVOCABLE INSURANCE TRUST, dated July 10, 2005, | |
|         Plaintiffs, | |
|     v. | |
| AVON CAPITAL, LLC and DONALD TRUDEAU, BENISTAR, LTD., and BENISTAR ADMIN SERVICES, INC., | Case No. 11 C 3274 |
|         Defendants. | Hon. Harry D. Leinenweber |
|     and | |
| AVON CAPITAL, LLC. | |
|         Third-Party Plaintiff, | |
|     v. | |
| FINANCIAL LIFE SERVICES, LLC, | |
|         Third-Party Defendant. | |
|     and | |
| FINANCIAL LIFE SERVICES, LLC, | |
|         Fourth-Party Plaintiff, | |
|     v. | |
| AVON CAPITAL, LLC, THOMAS PHILIPSBORN and ANDREW PHILIPSBORN, | |
|         Fourth-Party Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are two Motions to Dismiss, one brought by the Third-Party Defendant Financial Life Services ("FLS") and one brought by Thomas and Andrew Philipsborn ("the Philipsborns"), as Fourth-Party Defendants in opposition to the Fourth-Party Complaint. For the reasons stated herein, the Motions are denied.

## I. BACKGROUND

The factual background of this case is detailed in the Court's prior rulings, dated October 31, 2011 and October 1, 2012, and will not be repeated in full. *See,* ECF Nos. 24, 63. This case was filed originally as a contract dispute between Plaintiff Thomas D. Philipsborn Irrevocable Trust ("the Trust") and Defendant Avon Capital, LLC ("Avon"). Avon filed a Third-party Complaint against Financial Life Services, LLC ("FLS") alleging that FLS was liable to Avon under the contract. FLS brought a Fourth-Party Complaint against Andrew Philipsborn, Thomas Philipsborn, and Avon.

In the first Motion, FLS challenges this Court's subject matter jurisdiction on the ground that the Trust is not a legal entity, and thus it has no capacity to sue or be sued. Plaintiff agrees that the Trustee is the proper party to bring the suit, and thus Andrew Philipsborn ("the Trustee"), as trustee of the Trust, seeks to join as plaintiff under Federal Rule of Civil Procedure 17. FLS, however, asserts that because the Trust is incapable of bringing suit, the Court did not have subject-matter jurisdiction when it issued its

prior rulings.  If that is the case, this Court would be required to vacate those rulings.

In the second Motion, the Philipsborns seek to dismiss Counts II, III, and IV of FLS's Fourth-Party Complaint.  FLS has sued for damages related to their contract for sale of a life insurance policy.  The Philipsborns protest that FLS seeks to hold them accountable for another party's conduct:  Avon's breach of the contract between Avon and FLS.

## II.  **ANALYSIS**

### A.  **Jurisdiction**

As part of the "irreducible constitutional minimum of standing," the Plaintiff must have suffered an injury-in-fact which is concrete and particularized.  *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).  The injury requirement is satisfied only if the party seeking review is itself among the injured.  *Sierra Club v. Morton,* 405 U.S. 727, 734 (1972).  The party invoking federal jurisdiction bears the burden of establishing standing.  *Lujan,* 504 U.S. at 561.

FLS's Motion raises two questions:  (1) whether a trust is capable of suffering an injury sufficient to meet the requirements of Article III, and (2) whether the Trust suffered an injury that would sustain this Court's jurisdiction over the prior motions.  This Court is not aware of any case that has analyzed whether a trust recognized under state law – a mere collection of property – has the capacity to suffer an injury-in-fact. When a case is brought inadvertently by a trust instead of the trustee, the usual practice is for the court to

dismiss the case and allow an amended pleading to reflect that the trustee has joined the suit, thereby resolving any standing issues before anything substantial happens in the case. *See, e.g., Estate of Migliaccio v. Midland Nat'l Life Ins. Co.,* 436 F.Supp.2d 1095, 1100 (C.D. Cal. 2006) (dismissing case brought by trust but granting leave to re-file with proper party named). In this case however, this issue was not raised until after the parties had litigated for more than two years and the Court had issued several rulings. The standing issue calls those rulings into question.

To analyze a trust's capacity to suffer an injury, this Court must first address underlying principles of trust law. The word "trust" can carry different meanings in different situations, but it refers generally to "a fiduciary relationship in which one person holds a property interest, subject to an equitable obligation to keep or use that interest for the benefit of another." Bogert's Trusts and Estates, Ch. 1 § 1; *see also,* Restatement (Third) of Trusts § 2 (2003). A trust relationship requires trust property, or res. Sometimes the words "trust" or "trust estate" refer specifically to the property, and sometimes "trust" can refer to the set of relationships between property, trustees, and beneficiaries. *See, Hanson v. Birmingham,* 92 F.Supp. 33, 41 (N.D. Iowa 1950) (noting confusion over use of the term "trust").

As a general principle, "a trust is not a juristic person and the trustee is the only party entitled to bring suit" on behalf of the trust. *Lazenby v. Codman,* 116 F.2d 607, 609 (2d Cir. 1940). For

example, courts have explained that "[h]istorically, a trust estate was not a juridical entity, hence the observation that a suit by strangers to the trust must be brought against the trustees thereof individually and not against the fictional entity." *First Union Nat'l Bank ex rel. Se. Timber Leasing Statutory Trust v. Pictet Overseas Trust Corp., Ltd.,* 351 F.3d 810, 814 (8th Cir. 2003) (quotation omitted). Federal courts follow this doctrine by holding that lawsuits must be brought in the name of the trustee, administrator, or executor because trusts are not the "real party in interest." *See, Estate of Migliaccio,* 436 F.Supp.2d at 1100; FED. R. CIV. P. 17(a)(1). But just because a trust is not a juridicial entity – and thus not the real party in interest – does not mean that a trust is not an entity at all, and that it is incapable of suffering an injury. The Federal Rules of Civil Procedure do not answer whether Article III permits a federal court to hear a suit brought by a trust.

The Supreme Court has explained that even though a trust is "an abstraction," it is "sometimes dealt with as though it had a separate existence." *Greenough v. Tax Assessors of City of Newport,* 331 U.S. 486, 493 (1947). When it comes to taxes, a trust is a separate entity because "Congress has seen fit so to deal with the trust." *Id.* at 493-94. Trusts can lose money or have losses attributed to them for tax purposes – the sorts of injuries that one would go to federal court to correct, if necessary. *See, Anderson v. Wilson,* 289 U.S. 20, 26-27 (1933).

Trusts are treated similarly in the ERISA context. ERISA provides that "[a]n employee benefit plan may sue and be sued under this subchapter as an entity." 29 U.S.C. § 1132(d)(1). A benefit plan is defined as a plan that "provides medical care . . . directly or through insurance, reimbursement, or otherwise." 29 U.S.C. § 1191b(a)(1). The Supreme Court clarified that an ERISA "plan" is "a set of rules that define the rights of a beneficiary and provide for their enforcement," including fiduciary obligations for plan administrators. *Pegram v. Herdrich,* 530 U.S. 211, 223 (2000). Like an ERISA benefit plan with its beneficiaries, administrators, and benefit providers, a trust involves a set of obligations between other entities: the trustees, property, and beneficiaries. A benefit plan can be sued in federal court: under ERISA, "a money judgment against a plan 'shall be enforceable only against the plan as an entity.'" *Larson v. United Healthcare Ins. Co.,* 723 F.3d 905 (7th Cir. 2013) (quoting 29 U.S.C. § 1132(d)(2)).

At least in the tax and ERISA contexts, trusts (or similar entities) can maintain suits in federal court, which means they must be capable of suffering injuries and establishing standing. This Court sees no reason why Article III would require the Court to distinguish state law trusts. Thus, a trust recognized by state law can suffer an injury-in-fact.

In this case, the trust has alleged sufficiently that it was injured when contractual obligations related to the property held in trust were unfulfilled. So, when the Court issued its prior rulings,

the Court's exercise of jurisdiction over the parties did not violate Article III.

The problem remains that, under Rule 17, this case must be brought by the Trustee. Andrew Philipsborn, as Trustee of the Thomas D. Philipsborn Irrevocable Insurance Trust, has ratified all actions taken in this case in the name of the Trust, authorized the continuation of the action, and agreed to be bound by the lawsuit's results. Aff. of Andrew Philipsborn, ECF No. 103-2. Trustee Andrew Philipsborn is hereby substituted as Plaintiff. Thus, this action "proceeds as if it had been originally commenced by the real party in interest." FED. R. CIV. P. 17(a)(3).

The Court sees fit to note additionally that precedent supports the idea that a complaint can be amended to name the proper party and that a court need not nullify all prior filings and rulings to allow the amendment. In *Levinson v. Deupree,* 345 U.S. 648, 649 (1953), the plaintiff was the putative administrator of an estate and sought to recover damages for the decedent's wrongful death. In fact, the administrator's appointment was void, and the administrator lacked capacity to sue on behalf of the estate. The administrator fixed the appointment problem, but ran up against the statute of limitations because of the delay. The Supreme Court allowed the plaintiff to amend the libel to fix the prior ineffective appointment so that the suit could be maintained, even in the face of technical nonconformity at the beginning of the suit. *Id.* at 652.

*Levinson* stands for the idea that justice is better served by replacing the real party in interest rather than dismissing a case. Indeed, this "salutary principle," designed to protect against forfeiture, serves as the basis of Rule 17. FED. R. CIV. P. 17 Advisory Committee's Note. At the same time, the rule protects the defendant against subsequent actions by the party actually entitled to recover and ensures that the judgment will have its proper effect as *res judicata*. *Id.*

This approach – allowing the Trust to amend the case name to include the Trustee but not dismissing and vacating for lack of standing – is harmonious with the approach taken by at least one other federal court. In *Estate of Migliaccio v. Midland Nat'l Life Ins. Co.,* 436 F.Supp.2d 1095, 1100 (C.D. Cal. 2006), the court faced this issue and explained that "an estate or trust is not a legal entity and has no capacity to sue." However, the court perceived no standing problem, and granted leave to amend. *Id.*

Since the proper party has been substituted pursuant to Rule 17, the Motion to Dismiss for Lack of Jurisdiction is denied.

### B. Sufficiency of the Fourth-Party Complaint

A complaint must provide a short and plain statement of the claim showing that the plaintiff is entitled to relief. FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). The complaint must "plead[] factual content that allows the court to draw

- 8 -

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The Court construes a complaint in the light most favorable to the plaintiff and accepts all well-pled facts as true. *Justice v. Town of Cicero,* 577 F.3d 768, 771 (7th Cir. 2009).

The Philipsborns move to dismiss Counts II, III, and IV. The crux of those Counts seems to be that FLS suffered damages as a result of its agreement with Avon, which it would not have entered had it not been for the fraudulent statements and breach of contract by the Philipsborns. The Philipsborns insist that there exist no circumstances under which they would have any liability to FLS. For example, Andrew Philipsborn moves to dismiss Count II and asserts that FLS is trying to impute onto him duties arising from FLS's contract with Avon. However, as the Fourth-Party Complaint makes clear, FLS asserts claims against Andrew Philipsborn that arise from his contract with FLS, not any separate contract. Indeed, the Fourth-Party Complaint identifies six provisions of the agreement between FLS and Andrew Philipsborn that he allegedly violated. Factual issues – such as what obligations were created under the agreement, the extent of performance, and damages caused by breach – cannot be resolved at the pleading stage. This Court cannot say that FLS will be unable to recover from the Philipsborns.

Andrew Philipsborn moves to dismiss Count II for another reason: it alleges that he is liable personally for breach of contract, but because the contract was on behalf of the Trust, the Trustee can be

liable only in his capacity as Trustee. Under "well-settled" Illinois law, a trustee "is personally liable for his actions the same as though he were an individual." *Piff v. Berresheim,* 92 N.E.2d 113, 116 (Ill. 1950). Illinois recognizes an exception for situations where a contract exempts the trustee from personal liability. *Miller v. Racine Trust,* 382 N.E.2d 41, 48 (Ill. Ct. App. 1978). Andrew Philipsborn's reliance on *Miller* is misplaced because it is not clear that the exception applies in this case – whether it does apply is a factual question not properly resolved at the pleading stage.

The Philipsborns also challenge Claims III and IV, the claims based on promissory estoppel and fraud. At the pleading stage, there is no conflict between a contract claim and a promissory estoppel claim, or between a fraud claim a contract claim. A party may plead entitlement to both contract and non-contract damages, so that the Court can award non-contract damages if no contract was formed. *Dowd & Dowd, Ltd. v. Gleason,* 693 N.E.2d 358, 371 (Ill. 1998) ("A plaintiff may plead and prove multiple causes of action, though it may obtain only one recovery for an injury."). Thomas Philipsborn's principal challenge to this section amounts to a denial of the charges, which does not justify dismissal for failure to state a claim.

The Fourth-Party Complaint requests that the Court award FLS its costs and expenses. The Philipsborns argue that, under the fee-shifting provision in the written agreement, FLS would not be

- 10 -

entitled to costs and expenses incurred when prosecuting this action. FLS asserts that the fee provision awards costs and expenses to the prevailing party in litigation, regardless of whether that party was involved as plaintiff or defendant. The Court declines to reach this contract interpretation issue at this time; it will do so only if necessary in the context of the litigation, and as of yet there is no "prevailing party" claiming entitlement to the fees. The Motion to Dismiss that prayer for relief is denied.

### III. CONCLUSION

For the reasons stated herein, Third-Party Defendant Financial Life Services, LLC's Motion to Dismiss for Lack of Jurisdiction [ECF No. 97] is denied. Fourth-Party Defendants Thomas Philipsborn and Andrew Philipsborn's Motion to Dismiss for Failure to State Claim [ECF No. 109] is denied.

**IT IS SO ORDERED.**

                                              Harry D. Leinenweber, Judge
                                              United States District Court

**DATE:** 11/18/2013