IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THE THOMAS D. PHILIPSBORN
IRREVOCABLE INSURANCE TRUST,
dated July 10, 2005, and ANDREW
I. PHILIPSBORN, as Trustee on
Behalf of THE THOMAS D.
PHILIPSBORN IRREVOCABLE
INSURANCE TRUST, dated July 10,
2005,

    Plaintiffs,

  v.

AVON CAPITAL, LLC and DONALD
TRUDEAU, BENISTAR, LTD., and
BENISTAR ADMIN SERVICES, INC.,  Case No. 11 C 3274

    Defendants.  Hon. Harry D. Leinenweber

  and

AVON CAPITAL, LLC.

  Third-Party Plaintiff,

  v.

FINANCIAL LIFE SERVICES, LLC,

  Third-Party Defendant.

  and

FINANCIAL LIFE SERVICES, LLC,

  Fourth-Party Plaintiff,

  v.

AVON CAPITAL, LLC, THOMAS
PHILIPSBORN and ANDREW
PHILIPSBORN,

  Fourth-Party Defendants.

**MEMORANDUM OPINION AND ORDER**

Third Party Defendant Financial Life Services, LLC ("FLS") has moved this Court to certify an interlocutory appeal of the Court's Opinion and Order dated November 18, 2013 [ECF No. 119]. For the reasons stated herein, the Motion is denied.

## I. BACKGROUND

This case was filed originally as a contract dispute between Plaintiff Thomas D. Philipsborn Irrevocable Trust ("the Trust") and Defendant Avon Capital, LLC ("Avon"). Avon filed a third-party complaint against FLS alleging that FLS was liable to Avon under the contract. FLS brought a fourth-party complaint against Andrew Philipsborn, Thomas Philipsborn, and Avon.

Two years into the litigation, after the Court had already issued two written opinions on various matters, FLS challenged this Court's subject matter jurisdiction on the ground that the Trust is not a legal entity, and thus it has no capacity to sue or be sued. The Court's Opinion and Order dated November 18, 2013 recognized that the Plaintiff had maintained the suit in violation of Federal Rule of Civil Procedure 17, but held that the Court's exercise of jurisdiction over the parties did not violate Article III of the Constitution. ECF No. 119 at 6-7. The Court denied the motion to dismiss for lack of jurisdiction

and substituted the proper plaintiff under Rule 17. FLS now seeks immediate appellate review of that Order.

## II. LEGAL STANDARD

A District Court may certify an otherwise non-appealable order for interlocutory appeal if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from that order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Such appeals are "rarely granted," *Nystrom v. TREX Co.,* 339 F.3d 1347, 1351 (Fed. Cir. 2003), and the movant bears the burden of showing that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 475 (1978). But when the statutory criteria are met, the District Court has a duty to allow the appeal. *Ahrenholz v. Bd. of Trs. Of Univ. of Ill.,* 219 F.3d 674, 677 (7th. Cir. 2000).

## III. ANALYSIS

To establish the second requirement, that the question of law is one as to which there is substantial ground for difference of opinion, "the movant must show that there are substantial conflicting decisions regarding the claimed controlling issue." *NMHG Fin. Servs., Inc. v. Wickes Inc.,* No. 07 C 2962, 2007 WL

3087146, *3 (N.D. Ill. Oct. 17, 2007). "The movant may not prevail by simply showing a lack of judicial precedent or that the issue is one of first impression." *Id.* The movant must also "demonstrate that a substantial likelihood exists that the interlocutory order will be reversed on appeal." *Tr. of Jartran, Inc. v. Winston & Strawn,* 208 B.R. 898, 901 (N.D. Ill. 1997).

There is no dispute that this litigation was commenced and maintained in the name of a trust, which violated Rule 17's real party in interest requirement. FLS's Motion to Dismiss for lack of subject matter jurisdiction hinged on its assertion that a violation of Rule 17 requires the Court to dismiss the case and vacate all prior rulings. As support, FLS cited cases that hold that plaintiffs who lack Article III standing cannot maintain their lawsuit in federal court. *See, e.g., Pollack v. U.S. Dep't of Justice,* 577 F.3d 736, 743 (7th Cir. 2009).

In its November 18, 2013 Opinion and Order, this Court distinguished Federal Rule of Civil Procedure 17 from Article III of the Constitution, and explained that even though Plaintiff had not complied with Rule 17, the Court's exercise of jurisdiction over the parties did not violate Article III. ECF No. 119 at 6-7. Because Article III was not violated, the Court did not need to dismiss the case and vacate all prior rulings. Rather, the correct procedure was to follow the instructions from Rule 17 for

substituting the proper party.  The Court's citation to *Levinson v. Deupree,* 345 U.S. 648 (1953) – the case that stands as the basis for Rule 17 – was supposed to illustrate the difference between Article III and Rule 17, and show that a violation of one is not necessarily a violation of the other.  At no point did this Court place its conception of justice above the requirements of Article III.

FLS has cited various cases in its attempt to show a "substantial ground for difference of opinion."  Those cases are inapplicable because they arise in situations where the plaintiff lacked standing under Article III.  *See, e.g.*, *Perry v. Village of Arlington Heights,* 186 F.3d 826, 830 (7th Cir. 1999) (where Plaintiff had not suffered an injury in fact); *Walters v. Edgar,* 163 F.3d 430, 437 (7th Cir. 1998) (where "the district court never acquired jurisdiction over the present suit"); *Zurich Ins. Co. v. Logitrans, Inc.,* 297 F.3d 528, 531 (6th Cir. 2002) (where Plaintiff "admittedly has not suffered injury in fact").  In this case, however, the Court found no violation of Article III because "a trust recognized by state law can suffer an injury in fact" and the trust at issue here "suffered an injury when contractual obligations related to the property held in trust were unfulfilled." ECF No. 119 at 6.  The Court's Opinion does not conflict with the cases cited by FLS.

At its core, FLS's Motion relies on misstatements of this Court's findings. For example, FLS asserts that the Court "reli[ed] on a Federal Rule of Civil Procedure to retroactively remedy an absence of constitutionally-required jurisdiction." ECF No. 121 at 5. But at no point did this Court indicate that there was an absence of *constitutionally*-required jurisdiction. The only violation was of Federal Rule of Civil Procedure 17, which specifies the mechanism by which the parties and the Court can correct the error. Once this misunderstanding is revealed, FLS's broader argument unravels. In all of the cases cited by FLS, the Court lacked jurisdiction under Article III, which was not the case here.

FLS has not presented this Court with any precedent that conflicts with this Court's *actual* holding, that a trust organized under state law can suffer an injury in fact sufficient to confer Article III standing. FLS has directed the Court to various materials that show that the trustee, not the trust, must maintain those lawsuits brought to enforce the trust's rights. But the Court addressed those materials in its prior ruling, and FLS gives the Court no reason to doubt its holding that those principles relate to the proper party rule, not Article III standing. *See also, Sullivan v. Kodsi,* 836 N.E.2d 125, 131 (Ill. App. Ct. 2005) (explaining that a trust "possesses a distinct

legal existence" and is more than just an arrangement relating to property).

FLS has failed to show a substantial ground for difference of opinion. Because the Court decides the Motion on this ground, it need not address the other requirements for the Court to certify the appeal.

## IV. CONCLUSION

For the reasons stated herein, the Motion for an Interlocutory Appeal [ECF No. 120] is denied.

**IT IS SO ORDERED.**

                                          Harry D. Leinenweber, Judge
                                          United States District Court

**DATE:** 1/24/2014