**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THE THOMAS D. PHILIPSBORN IRREVOCABLE INSURANCE TRUST dated July 10, 2005, and ANDREW PHILIPSBORN, as TRUSTEE on behalf of THE THOMAS D. PHILIPSBORN IRREVOCABLE INSURANCE TRUST dated July 10, 2005, <br><br> Plaintiffs, <br><br> v. <br><br> AVON CAPITAL, LLC and DONALD TRUDEAU, BENISTAR, LTD., AND BENISTAR ADMIN SERVICES, INC. <br><br> Defendants, <br> and <br><br> AVON CAPITAL, LLC, <br><br> Third-Party Plaintiff, <br><br> v. <br><br> FINANCIAL LIFE SERVICES, LLC <br><br> Third-Party Defendant, <br> and <br><br> FINANCIAL LIFE SERVICES, LLC <br><br> Fourth-Party Plaintiff, <br><br> v. <br><br> AVON CAPITAL, LLC, THOMAS PHILIPSBORN and ANDREW PHILIPSBORN, <br><br> Fourth-Party Defendants. | Civil Action No. 11-cv-03274 <br><br> Judge: Harry D. Leinenweber |

1

## AMENDED THIRD-PARTY COMPLAINT

**COMES NOW,** Defendant and Third-Party Plaintiff Avon Capital, LLC ("Avon") in the above-captioned matter and for its Amended Third-Party Complaint against Third-Party Defendant Financial Life Services, LLC ("FLS"), alleges as follows:

### PLEADINGS

1. Plaintiff The Thomas D. Philipsborn Irrevocable Insurance Trust ("Plaintiff") and Andrew Philipsborn, as trustee of The Thomas D. Philipsborn Irrevocable Insurance Trust, dated July 10, 2005 served a Third Amended Complaint upon Avon and Defendants Donald Trudeau ("Trudeau"), Benistar, Ltd., and Benistar Admin Services, Inc. ("BASI"), a copy of which is attached hereto as Exhibit A.

2. Avon, Trudeau, Benistar, Ltd., and BASI served an Answer to the Third Amended Complaint, a copy of which is attached hereto as Exhibit B.

3. Avon, Trudeau, Benistar, Ltd., and BASI have expressly denied any and all liability to Plaintiff and deny that they are responsible for any of the alleged damages plead in the Third Amended Complaint.

### PARTIES

4. At all times material hereto, Plaintiff has been a trust created under Illinois law. At all times material hereto, Andrew I. Philipsborn has been Plaintiff's trustee and an individual domiciliary of the State of Illinois.

5. At all times material hereto, Avon has been a Connecticut limited liability company with its principal place of business in the State of Connecticut. Avon has one member, Grist Mill Capital, LLC, a Connecticut limited liability company with its principal place of business in the State of Connecticut. Grist Mill Capital, LLC, its members and

members of its members are citizens of Connecticut and Delaware. Upon information and belief, there is no Illinois citizen at any level of Avon's membership.

6. At all times material hereto, Trudeau has been an agent of Avon and an individual domiciliary of the State of Connecticut.

7. Benistar, Ltd. was formerly a Delaware corporation with its principal place of business in the State of Connecticut.

8. At all times material hereto, BASI has been a Delaware corporation with its principal place of business in the State of Connecticut.

9. At all times material hereto, FLS has been a Delaware limited liability company with a principal business address in the State of Connecticut.

## JURISDICTION AND VENUE

10. Jurisdiction in this Court is properly conferred with respect to the claims set forth herein under 28 U.S.C. § 1367, because they are so related to the claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because these claims arise out of the same transaction or occurrence that is the subject matter of Plaintiff's Complaint.

## ALLEGATIONS COMMON TO ALL COUNTS

12. In the fall of 2005, Plaintiff procured insurance policies on the life of Thomas D. Philipsborn issued by Transamerica Occidental Life, American General Life Insurance Company, and AXA Equitable Life ("AXA") (hereinafter collectively referred to as "the Policies").

13. Plaintiff financed its purchase of the Policies through loans (hereinafter collectively referred to as "the Loans") from LaSalle Bank National Association ("LaSalle").

14. In 2007, Avon learned that Plaintiff wanted to sell the Policies and sent a letter to Plaintiff offering to purchase the Policies for a total of $4,550,000.

15. Avon was not aware of the existence of the Loans when it offered to purchase the Policies. However, Avon was later advised of the Loans and agreed to pay some of the purchase price directly to LaSalle to pay off the Loans and to pay the balance of the purchase price for each of the Policies to Plaintiff.

16. Once Avon learned that the Policies were encumbered by the Loans, Avon determined that the involvement of a licensed settlement provider was necessary and appropriate. Accordingly, Avon arranged for FLS, a licensed life settlement provider, to facilitate completion of the proposed transaction.

17. FLS subsequently entered into separate agreements with Avon and Plaintiff pursuant to which FLS agreed to purchase the Policies from Plaintiff and to then resell the Policies to Avon for 110% of the price that FLS had paid to Plaintiff. Specifically with respect to the AXA policy, FLS agreed to purchase that policy from Plaintiff for $600,000 and then resell that policy to Avon for $660,000. Copies of the relevant agreements are attached hereto as Exhibit C and Exhibit D.

18. FLS purchased the AXA policy from Plaintiff for $600,000 – part of which was paid to LaSalle to satisfy the loan Plaintiff had taken to purchase the AXA policy.

19. Following its purchase of the AXA policy from Plaintiff, FLS refused to resell that policy to Avon for the agreed-upon $660,000 and instead demanded that Avon pay $1,500,000 to repurchase that policy.

20. Plaintiff filed the Complaint that commenced the above-referenced litigation. The Complaint asserts claims for breach of contract, promissory estoppel, and unjust enrichment against Avon and Trudeau - all of which relate solely to the contemplated transaction for the AXA policy - and a right to recover the difference between the amount Avon had purportedly offered to pay Plaintiff for the AXA policy and the amount for which Plaintiff sold the AXA policy to FLS.

## COUNT I - BREACH OF CONTRACT[1]

21. Avon realleges and incorporates by reference, as if set forth fully herein, the allegations contained in paragraphs 1-20 above.

22. Avon and FLS formed a contract pursuant to which FLS agreed to purchase the AXA policy from Plaintiff for $600,000 and then to resell that policy to Avon for $660,000.

23. In accordance with the contract, Plaintiff - at the direction of Avon - sold the AXA policy to FLS for $600,000.

24. FLS breached the contract by refusing to resell the AXA policy to Avon for the agreed-upon $660,000 and instead demanding that Avon pay $1,500,000 to repurchase that policy.

---

[1] Avon acknowledges that the Court has previously dismissed Count IV and the contribution claim in Count V of Avon's Third-Party Complaint. Avon further acknowledges that it did not contest Count I, Count II, and the indemnity claim in Count V, in its dispositive motion filings in response to FLS's filings. However, because dispositive motions have not yet been ruled upon, and to preserve the record, Avon sets forth all of its original causes of action herein.

25. Avon has been damaged by FLS's breach of contract and is entitled to be compensated by FLS for those damages, together with attorneys' fees, costs and interest, and such other relief as the Court deems just and proper.

### COUNT II - BREACH OF CONTRACT/THIRD-PARTY BENEFICIARY

26. Avon realleges and incorporates by reference, as if set forth fully herein, the allegations contained in paragraphs 1-20 above.

27. Plaintiff and FLS formed a contract pursuant to which FLS agreed to purchase the AXA policy from Plaintiff for $600,000 and then to resell that policy to Avon for $660,000.

28. Plaintiff and FLS intended Avon to receive the benefit from the performance of the contract. Accordingly, Avon is an intended third-party beneficiary of the contract.

29. In accordance with the contract, Plaintiff - at the direction of Avon - sold the AXA policy to FLS for $600,000.

30. FLS breached the contract by refusing to resell the AXA policy to Avon for the agreed-upon $660,000 and instead demanding that Avon pay $1,500,000 to repurchase that policy.

31. Avon has been damaged by FLS's breach of contract and is entitled to be compensated by FLS for those damages, together with attorneys' fees, costs and interest, and such other relief as the Court deems just and proper.

### COUNT III – PROMISSORY ESTOPPEL

32. Avon realleges and incorporates by reference, as if set forth fully herein, the allegations contained in paragraphs 1-20 above.

6

33. FLS made an unambiguous promise to Avon to purchase the AXA policy from Plaintiff for $600,000 and then to resell that policy to Avon for $660,000.

34. Avon reasonably relied on FLS's promise to its detriment by, among other things, directing Plaintiff to transfer title to the AXA policy to FLS.

35. Avon has been damaged by its reliance on FLS's promise and is entitled to be compensated by FLS for those damages, together with attorneys' fees, costs and interest, and such other relief as the Court deems just and proper.

### COUNT IV – UNJUST ENRICHMENT

36. Avon realleges and incorporates by reference, as if set forth fully herein, the allegations contained in paragraphs 1-20 above.

37. Avon directed Plaintiff to transfer title to the AXA policy to FLS based upon Avon's reasonable belief and expectation that FLS would purchase that policy from Plaintiff for $600,000 and then resell that policy to Avon for $660,000.

38. Plaintiff's transfer of title to the AXA policy to FLS - at Avon's direction - constituted a benefit conferred on FLS.

39. FLS wrongfully obtained title to the AXA policy by asserting and representing that it would resell that policy to Avon for $660,000 and, consequently, has been unjustly enriched.

40. Retention of the AXA policy by FLS would violate fundamental principles of justice, equity, and good conscience.

41. Avon is entitled to be compensated by FLS for the amount which it was unjustly enriched, together with attorneys' fees, costs and interest, and such other relief as the Court deems just and proper.

## COUNT V – CONTRIBUTION AND INDEMNITY

42. Avon realleges and incorporates by reference, as if set forth fully herein, the allegations contained in paragraphs 1-20 above.

43. Avon expressly denies liability for any damages to Plaintiff.

44. If Plaintiff has suffered any damages as alleged in the Complaint or otherwise, to the extent such damage was not caused by Plaintiff, such damage was caused by the breach of contract or other fault of FLS in connection with the performance of its services relating to the contemplated transaction for the AXA policy.

45. If Avon is found liable to Plaintiff for any amount of damages, or otherwise called upon by way of settlement, verdict, judgment, or compromise to make payment to Plaintiff, Avon is entitled to contribution and/or indemnity from FLS for any amounts which may be awarded to Plaintiff upon the Complaint, or otherwise, in this proceeding.

## JURY DEMAND

46. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Avon demands trial by jury.

**AVON CAPITAL, LLC**

By its attorneys,

Dated: March 6, 2015

s/Jeffrey R. Peters_____
Kelly A. Hadac, admitted *pro hac vice*
Jeffrey R. Peters, admitted *pro hac vice*
HKM
30 East Seventh Street, Suite 3200
Saint Paul, MN 55101
(651) 227-9411 (phone)
(651) 223-5199 (fax)

and

        K. Clark Schirle
        Jonathan Barger
        Butler, Pappas, Weihmuller, Katz, Craig, LLP
        115 S. LaSalle Street, Suite 3200
        Chicago, IL 60603
        (312) 456-0900 (phone)
        (312) 456-0909 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing documents were filed electronically. Notice of this filing will be sent by e-mail to the parties to this case above by operation of the Court's electronic filing system. Parties may access the filing through the Court's filing system.

        By:/s/Jeffrey R. Peters

2291211