Philipsborn
Avon Capital

Judge Leinenweber

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

FILED

JUL 29 2015

JUDGE HARRY D. LEINENWEBER
U.S. DISTRICT COURT JUDGE

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, ~~and stipulations.~~

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. In reaching your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

The witness's age;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

You may consider the statements given by any party, or witness under oath, before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement not under oath that is inconsistent with his testimony here in court, you may consider the earlier statement only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

During the trial, certain testimony was presented to you by the reading of depositions and by video. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Two claims are submitted to you for determination in this case:

First, Plaintiffs sue Donald Trudeau for breach of contract to purchase the Trust's three insurance policies on the life of Tom Philipsborn, seeking to hold Donald Trudeau responsible as a party to the contract, and as the agent of a disclosed party to the contract who took an active part in that other party's, Avon Capital, LLC, violation of a duty to the Plaintiffs.

Second, Plaintiffs sue Benistar Admin Services, Inc. for breach of contract to purchase the Trust's three insurance policies on the life of Tom Philipsborn, seeking to hold Benistar Admin Services, Inc. responsible as undisclosed principal on the contract with Avon Capital, LLC/Donald Trudeau.

1

When I say a particular party must prove something by "a preponderance of the evidence," or when I use the expression "if you find," or "if you decide," this is what I mean: When you have considered all the evidence in the case, you must be persuaded that it is more probably true than not true.

**Instruction 1**

The Thomas D. Philipsborn Irrevocable Insurance Trust (the "Trust"), through its Trustee Andrew Philipsborn, claims the Trust is entitled to recover contract damages from Donald Trudeau for breach of contract. Plaintiffs have the burden of proving:

[1] The existence of a contract between the Trust and Donald Trudeau.

[2] Performance by the Trust of all the obligation condition(s).

[3] Donald Trudeau's failure to adequately perform his obligations under the contract.

[4] Resulting damage to the Trust.

I will explain and define these legal terms elsewhere in these instructions.

If you find from your consideration of all the evidence that one or more of these elements has not been proven, you must find in favor of Donald Trudeau. If you find from your consideration of all the evidence that each of the above elements has been proven then you must find in favor of Plaintiffs, and consider the amount of damages to be awarded.

As stated in Instruction 1, the first element of a contract claim Plaintiffs must prove is the existence of a contract. There is a contract if Plaintiffs proves there was an offer by one party, acceptance by the other parties and consideration between the parties. The Plaintiffs claim the parties entered a contract with the following terms:

a. Avon and Trudeau would pay a total of $4.55 million for the Transamerica, American General and ~~Transamerica~~ AXA policies.

b. Of the $4.55 million Avon and Trudeau would pay $2,053,000 for the Transamerica policy, $1,027,000 for the American General policy and $1,470,000 for the AXA policy

c. Avon and Trudeau would discharge the loans on each policy, which in the case of the AXA policy was $469,490 payable to Coventry with the balance of $1,000,510 payable to the Trust

d. In exchange for these payments, the Philipsborn Trust would transfer title to the policies as directed and execute any closing documents it was instructed to execute

To prove the existence of a contract between Plaintiffs and Donald Trudeau, Plaintiffs have the burden of proving each of the following propositions: First, the Trust must have received an offer from Donald Trudeau. An *"offer"* is a communication of a willingness to enter into a contract. The communication must satisfy four conditions:

[1] the communication must have included a definite promise by the person making the communication, showing a willingness to make an agreement;

[2] the important and necessary terms must be definite;

[3] the terms must be communicated by words or conduct to the other party; and

[4] the communication must give the other party the power to agree to its terms.

Second the Trust accepted the offer made by Trudeau.

"Acceptance" of an offer is a communication of agreement to the terms of the offer. For the acceptance to be valid:

[1] The Trust must agree to all of the material terms in the offer; and

[2] The Trust must have communicated agreement to Donald Trudeau by writing, spoken words, actions or any other conduct that would indicate agreement to a reasonable person, performed the acts specified by the offer, or performed the acts that the offer specified.

Third the agreement included an exchange of promises or value, which is known as consideration. There is sufficient consideration if Plaintiffs can prove that something of value was bargained for by the parties and given by one party in exchange for the other's promise. "Something of value" may consist of a promise, an act, a promise to act or not act, or any payment that was of benefit to one

party or a disadvantage to the other.

An oral contract is as valid and enforceable as a written contract.

As stated in Instruction 1, as the second element of a contract claim, Plaintiffs must prove is they performed all obligations required of them under the contract. To recover on Plaintiffs' claim, Plaintiffs must prove they did what the contract required them to do or had a valid excuse for not doing so, as follows:

Donald Trudeau directed the Trust to execute contracts with Financial Life Services, LLC to transfer the American General and AXA life insurance policies, and transfer those policies pursuant to the contracts with FLS to satisfy Plaintiffs' obligations under the contract with Avon Capital, LLC and Donald Trudeau.

2

Generally, if a party fails to perform its obligations according to the terms of the contract, the party has breached the contract. You must decide whether Donald Trudeau failed to do what he was required to do under the contract.

As stated in Instruction 1, the third element of a contract claim which Plaintiffs must prove is Donald Trudeau breach of the contract. To recover on their claim, Plaintiffs have the burden to prove Donald Trudeau failed to do something the contract required him to do. Plaintiffs claim and have the burden of proving that under the contract Donald Trudeau was required to do the following:

Pay the Plaintiffs the difference between the $4.55 million purchase price for the three life insurance policies and the loans secured by those policies.

The Thomas D. Philipsborn Irrevocable Insurance Trust also claims that it had a contract with Avon Capital, LLC and Donald Trudeau, as an agent, is liable under that contract. The Thomas D. Philipsborn Irrevocable Insurance Trust has the burden of proving:

[1]

The Trust must prove that Donald Trudeau, as an agent of Avon Capital, LLC,.took an active part in violating some duty Avon Capital owed to the Trust.

[2] The Court has already found Avon Capital, LLC's breach of the contract damaged The Thomas D. Philipsborn Irrevocable Insurance Trust.

3

An agent is a person who, by agreement with another called the principal, represents the principal in dealings with third persons or transacts business, manages some affair or does some service for the principal, with or without compensation. The agreement may be oral or written, express or implied.

If you find that one person has the right to control the actions of another at a given time, you may find that the relation of principal and agent exists, even though the right to control may not have been exercised.

A manager of a limited liability company is an agent of that organization.

Donald Trudeau was the manager of Avon Capital, LLC, and therefore its agent.

Avon Capital, LLC is a limited liability company and can act only through its officers, employees or agents. Any act or omission of an officer, employees or agents within the scope of his employment is the action or omission of the limited liability company.

One of the questions for you to determine is whether or not Donald Trudeau was acting within the scope of his authority for Avon Capital, LLC.

An agent is acting within the scope of his authority if he is engaged in an activity such as transacting business which has been assigned to him by his principal, or if he is doing anything that may reasonably be said to have been contemplated as a part of that activity which benefits the principal. It is not necessary that an act or failure to act must have been expressly authorized by Avon Capital, LLC.

An agent is not liable for the acts of a disclosed principal unless he takes an active part in violating some duty the principal owes to a third person.

Every contract in Illinois imposes a duty of good faith and fair dealing upon the parties to the contract.

Good faith and fair dealing requires that parties use reasonable efforts to bring about the occurrence of terms within their control.

A principal is undisclosed when the third party does not know that the agent is contracting on behalf of the principal. In order to find that Benistar Admin Services, Inc. was an undisclosed principal to the purchase of the AXA insurance policy and that Donald Trudeau or Avon Capital, LLC was acting as an agent on Benistar Admin Services, Inc.'s behalf in the purchase of the three insurance policies, The Thomas D. Philipsborn Irrevocable Insurance Trust must prove the following:

[1] Donald Trudeau or Avon Capital, LLC and Benistar Admin Services, Inc. had a principal-agency relationship;

[2] The Thomas D. Philipsborn Irrevocable Insurance Trust was not informed that Donald Trudeau or Avon Capital, LLC was acting as an agent for Benistar Admin Services, Inc. for purchase of the three insurance policies.

An undisclosed principal is bound by contracts made on its account by an agent acting within his authority.

One of the questions for you to determine is whether or not Donald Trudeau or Avon Capital, LLC was acting within the scope of authority for Benistar Admin Services, Inc.

An agent is acting within the scope of his authority if he is engaged in an activity such as transacting business which has been assigned to him by his principal, or if he is doing anything that may reasonably be said to have been contemplated as a part of that activity which benefits the principal. It is not necessary that an act or failure to act must have been expressly authorized by Benistar Admin Services, Inc.

A president of a corporation is an agent of that organization.

If you conclude that Donald Trudeau was a party to the contract to purchase the three insurance policies for $4.55 million, you must decide whether Plaintiffs sustained damages as a result of Donald Trudeau's breach of the contract.

As stated in Instruction 1, the fourth element of a contract claim is damages. Plaintiffs must prove they sustained damage resulting from Donald Trudeau's breach. To recover on their claim, Plaintiffs must prove that because of Donald Trudeau's failure to perform the contract, they have not received the payment to which they are entitled under the contract.

If you conclude that Donald Trudeau was an agent of Avon Capital, LLC, took an active part in violating some duty Avon Capital, LLC owed to the Trust, you must decide whether Plaintiffs sustained damages as a result of Avon Capital's breach of the contract to purchase the three insurance policies for $4.55 million.

As stated in Instruction 1, the fourth element of a contract claim is damages. Plaintiffs must prove they sustained damage resulting from the breach. To recover on their claim, Plaintiffs must prove that because of Donald Trudeau's conduct violating some duty Avon Capital, LLC owed to the Trust, the Trust suffered damage.

If you conclude that Donald Trudeau or Avon Capital, LLC was acting as an agent for Benistar Admin Services, LLC as an undisclosed principal, you must decide whether Plaintiffs sustained damages as a result of a breach of the contract to purchase the three insurance policies for $4.55 million.

As stated in Instruction 1, the fourth element of a contract claim is damages. Plaintiffs must prove they sustained damage resulting from the breach. To recover on their claim, Plaintiffs must prove that they did not receive the amount owed under the contract to purchase the three insurance policies for $4.55 million.

If you find in favor of Plaintiffs as to Donald Trudeau, you must decide how much money, if any, would fairly compensate Plaintiffs for the Donald Trudeau's breach of contract. Plaintiffs have the burden of proving each element of damages claimed and that they occurred as a direct and natural result of Donald Trudeau's breach. In calculating Plaintiffs' damages, you should determine that sum of money that will put Plaintiffs in as good a position as they would have in if Plaintiffs and Donald Trudeau had performed all of their promises under the contract.

Plaintiffs seek an award of direct contract damages:

[1] *Direct damages* for:

$818,512.17

"Direct Damages" are the amount of gain Plaintiffs would have received if the parties had fully performed the contract.

The measure of *direct damages* in this case is the contract price minus any payments paid under the contract to either the Trust or the lender.

If you find in favor of Plaintiffs as to Benistar Admin Services, Inc., you must decide how much money, if any, would fairly compensate Plaintiffs for a breach of the contract to purchase the three policies. Plaintiffs have the burden of proving each element of damages claimed and that they occurred as a direct and natural result of Donald Trudeau or Avon Capital, LLC's breach. In calculating Plaintiffs' damages, you should determine that sum of money that will put Plaintiffs in as good a position as they would have in if Plaintiffs and Donald Trudeau or Avon Capital, LLC had performed all of their promises under the contract.

Plaintiffs seek an award of direct contract damages:

[1] *Direct damages* for:

$818,512.17

"Direct Damages" are the amount of gain Plaintiffs would have received if the parties had fully performed the contract.

The measure of *direct damages* in this case is the contract price minus any payments paid under the contract to either the Trust or the lender.

The verdicts must represent the considered judgment of each juror. Your verdicts, whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read].

Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in and date the appropriate form, and all of you will sign it.