# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| THE THOMAS D. PHILIPSBORN IRREVOCABLE INSURANCE TRUST dated July 10, 2005, and ANDREW PHILIPSBORN, as TRUSTEE on behalf of THE THOMAS D. PHILIPSBORN IRREVOCABLE INSURANCE TRUST dated July 10, 2005, <br><br> Plaintiffs, <br><br> v. <br><br> AVON CAPITAL, LLC and DONALD TRUDEAU, BENISTAR, LTD. and BENISTAR ADMIN SERVICES, INC. <br><br> Defendants, <br> and <br><br> AVON CAPITAL, LLC, <br><br> Third-Party Plaintiff, <br> v. <br><br> FINANCIAL LIFE SERVICES, LLC, <br><br> Third-Party Defendant, <br> and <br><br> FINANCIAL LIFE SERVICES, LLC, <br><br> Fourth-Party Plaintiff, <br> v. <br><br> AVON CAPITAL, LLC, THOMAS PHILIPSBORN and ANDREW PHILIPSBORN, <br><br> Fourth-Party Defendants. | Civil Action No. 11-cv-03274 <br><br> Judge: Harry D. Leinenweber |

# DEFENDANT DONALD TRUDEAU'S RENEWED MOTION
# FOR JUDGMENT AS A MATTER OF LAW

## INTRODUCTION

Defendant Donald Trudeau brings this renewed motion for judgment as a matter of law as to Plaintiffs' claims against Donald Trudeau, individually, on the grounds that the jury did not have a legally sufficient evidentiary basis to find against Donald Trudeau. Pursuant to Rule 50 of the Federal Rules of Civil Procedure, judgment as a matter of law as to Plaintiffs' claims is appropriate. Alternatively, Donald Trudeau moves this Court for a new trial pursuant to Federal Rule of Civil Procedure 59.

## ARGUMENT

### I.  Legal Standard Governing Motions for Judgment as a Matter of Law

Donald Trudeau previously moved this Court for judgment as a matter of law at the close of evidence at trial. The Court noted that the motion was a "close call," but nonetheless submitted the action to the jury. Donald Trudeau now presents this renewed motion for judgment as a matter of law. The standard for a renewed motion for judgment as a matter of law is provided in Rule 50 of the Federal Rules of Civil Procedure:

> If the court does not grant a motion for judgment as a matter of law made under Rule 50(a), the court is considered to have submitted the action to the jury subject to the court's later deciding the legal questions raised by the motion. No later than 28 days after the entry of judgment—or if the motion addresses a jury issue not decided by a verdict, no later than 28 days after the jury was discharged—the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59. In ruling on the renewed motion, the court may:
>
>   (1) allow judgment on the verdict, if the jury returned a verdict;
>   (2) order a new trial; or
>   (3) direct the entry of judgment as a matter of law.

FED. R. CIV. P. 50(b). The standard for ruling on a motion for judgment as a matter of law is whether a reasonable jury would have a legally sufficient evidentiary basis to find for the party on an issue. FED. R. CIV. P. 50(a); *see also Tate v. Exec. Mgmt. Servs., Inc.*, 546 F.3d 528, 531 (7th Cir. 2008); *Fuesting v. Zimmer, Inc.*, 448 F.3d 936, 939 (7th Cir. 2006) (citing *Unitherm Food Sys., Inc. v. Swift–Eckrich, Inc.*, 546 U.S. 394 (2006)).

In the alternative, Donald Trudeau moves this Court for a new trial pursuant to Federal Rule of Civil Procedure 59. *Id.*

## II. There Is A Legally Insufficient Basis to Sustain Plaintiffs' Theories of Liability Against Donald Trudeau

### A. Donald Trudeau Did Not Contract With the Trust

Plaintiffs' first theory of liability is that Donald Trudeau, individually, and the Thomas D. Philipsborn Irrevocable Life Trust dated July 10, 2005 (the "Trust") entered a contract with one another. The jury was instructed concerning the elements of an enforceable contract including an offer, acceptance and consideration. (Doc. 248 at 15-16) Plaintiffs failed to present any evidence of the requisite elements of contract formation between Donald Trudeau and the Trust.

The jury was instructed that the Trust must have received an offer from Donald Trudeau. The jury was instructed that an "offer" is a communication of willingness to enter a contract. The communication must satisfy four conditions:

[1] the communication must have included a definite promise by the person making the communication, showing a willingness to make an agreement;
[2] the important and necessary terms must be definite;
[3] the terms must be communicated by words or conduct to the other party; and
[4] the communication must give the other party the power to agree to its terms.

(Doc. 248 at 15) The jury was further instructed that the trust must have accepted the offer made by Donald Trudeau. The jury was instructed that acceptance is a communication of agreement to the terms of the offer. For the acceptance to be valid:

[1] The Trust must agree to all of the material terms in the offer; and
[2] The Trust must have communicated agreement to Donald Trudeau by writing, spoke words, actions or any other conduct that would indicate agreement to a reasonable person, performed the acts specified in the offer, or performed the acts that the offer specified.

(Doc. 248 at 15) The jury was further instructed that sufficient consideration existed if Plaintiffs could prove that something of value was bargained for by the parties and given by one party in exchange for the other's promise. (Doc. 248 at 15)

The only evidence presented by Plaintiffs to support the existence of a contract between the Trust and Donald Trudeau, individually, was an email written by Donald Trudeau with personal references. (Trial Ex. 8 attached hereto as Exhibit A) The email does not mention a contract. The email does not mention any life insurance policies. The email does not mention a price. The email provides no consent to be bound or means of acceptance. There is a legally insufficient basis for the email to be construed as an offer.

Furthermore, there is no evidence that Andrew Philipsborn, on behalf of the Trust, accepted the "offer." Indeed, Andrew Philipsborn's uncontested testimony was that he never once communicated with Donald Trudeau. Similarly, there is no evidence of consideration flowing to Donald Trudeau, individually, from the Trust or from Donald Trudeau, individually, to the Trust. In sum, the lone piece of evidence offered by Plaintiffs does not address a single requisite factor necessary to establish an offer, and the remaining elements of a contract are also absent from the record.

Moreover, Donald Trudeau testified he did not agree nor intend to purchase the policies on behalf of himself, nor did he ever have money to do so. There is no contrary testimony in the record. Indeed, the testimony of William Lui, Richard Marshall and Gary Scholnick confirmed that Avon was the intended purchaser of the policies. Because the elements of a contract were not supported with evidence, it is not even necessary to explore the remaining elements including fulfillment of duties, breach or damages. Consequently, there is no reasonable basis upon which the jury could sustain a finding that a contract existed between Donald Trudeau and the Trust in order to find Donald Trudeau liable.

### B. There is No Evidence Avon Capital, LLC Owed a Duty to a Third Person

The second basis of liability which Plaintiffs advanced was that Donald Trudeau took an active part in violating a duty owed by his principal, Avon Capital, LLC ("Avon"). As it relates to this theory of liability, the Court instructed the jury that "[a]n agent is not liable for the acts of a disclosed principal, unless he takes some active part in violating some duty <u>the principal owes to a third person</u>." (Doc. 248 at 25) (emphasis added)[1] The plain language of said instruction demonstrates that the jury did not have a legally sufficient basis to reach its conclusion in finding against Donald Trudeau.[2] Even if the

---

[1] The instruction was derived from *Merrill Tenant Council v. U.S. Dept. of Housing and Urban Development*, 638 F.2d 1086, 1095 (7th Cir. 1981) during the in chambers jury instruction conference. *Id.* (citing *Landau v. Landau*, 101 N.E.2d 103 (Ill. 1951); *Grover v. Commonwealth Plaza*, 394 N.E.2d 1273 (Ill. App. 1979)) (emphasis added).

[2] Donald Trudeau makes this renewed motion on the jury charge given and the finding by the jury. Nevertheless, Donald Trudeau specifically reserves any and all objections raised throughout the pendency of this matter, including but not limited to the objections raised during the Rule 51(b)(2) conference regarding the merits of the above jury charge and related instructions for purposes of appeal. *See Salzmann v. Sciccitano*, 782 F. Supp. 195, 197 (E.D.N.Y. 1991) (holding that Rule 50 motion is not the proper method to challenge basis for jury charge).

existence of the contract between Avon and the Trust is accepted, as the jury was instructed, there is no evidence of a duty owed by Avon to a third person. The evidence in the record only supports duties running between Avon to the Trust as a result of their contract. Indeed, it is a prerequisite that the Trust be a party to the contract because it is the only potential basis for the "duty" referenced in the instruction to arise in the context of this case.

The jury was instructed that Donald Trudeau was an agent of his disclosed principal, Avon. (Doc. 248 at 22) The jury was further instructed that "Avon Capital, LLC is a limited liability company and can act only through its officers, employees or agents. Any act or omission of an officer, employees or agents within the scope of his employment is the action or omission of the limited liability company." (Doc. 248 at 23) It was undisputed that the two parties to the contract were the Trust and Avon. (Doc. 213 at 5; Doc 248 at 12, 14-15)

In contrast, the ultimate instruction given regarding the "active part" theory of liability given by the Court specifically requires the existence of a third person. (*See* Doc. 248 at 25) (emphasis added). Thus, in order to sustain a finding against Mr. Trudeau as the agent for Avon there must be evidence that a duty was owed by Avon to a third person. The record is entirely devoid of any evidence of a duty being owed by Avon to a third person.

In addition to the plain language, an examination of *Merrill* provides further context and support for the conclusion that the Trust could not logically be the "third person." In *Merrill*, the United States Department of Housing and Urban Development ("HUD") rented housing to several plaintiffs. *Merrill*, 638 F.2d at 1087-88. HUD was

obligated to pay rents on plaintiffs' security deposits pursuant to Illinois law as incorporated in the contracts between HUD and the plaintiffs. *Id* at 1089. HUD used two private management companies, Scherer Management, Inc. and Pyramid West Realty and Management, Inc., to administer daily management tasks at several HUD properties, including payment of interest on security deposits. *Id.* at 1094-95. The complaint alleged that the private management companies were agents of HUD and failed to perform their delegated duty of paying interest. *Id.* at 1096. In addressing whether the lower court properly entered a *sua sponte* dismissal of the private defendants under Rule 12 of the Federal Rules of Civil Procedure, the court noted that "plaintiffs have stated a claim that the private defendants by failing to perform their delegated duty to pay interest to plaintiffs, have taken and are taking an active part in violating the duty to pay interest which their principal, HUD, owes to the plaintiffs." *Id.* Accordingly, the facts of *Merrill* are distinguishable because three separate entities were identified – not agents within the entities.

The crucial difference in this matter is that the jury was instructed that "Avon Capital, LLC is a limited liability company and can act only through its officers, employees or agents. Any act or omission of an officer, employees or agents within the scope of his employment is the action or omission of the limited liability company." (Doc. 248 at 23). Because Avon can only act through its agents, including Donald Trudeau, Avon and Donald Trudeau are effectively a single party. Indeed, the instruction specifically states that acts ". . . within the scope of employment are considered that of the limited liability company." *Id.* No evidence was presented that Donald Trudeau acted outside of the scope of his employment with Avon. In fact it was stipulated that

7

Donald Trudeau was an agent of Avon. (Doc. 248 at 22) Consequently, the jury would need to disregard the above instruction given by the Court in order for the Trust to be considered a "third person" because the jury would necessarily need to separate Donald Trudeau from his agency with Avon to even create the possibility of a "third person." (*See* Doc. 248 at 23)

Furthermore, it would be a tremendous logical fallacy if the Trust is considered a party to the contract on each and every claim propounded by Plaintiffs, but the Trust then shifts to the role of a "third person" for purposes of the claim against Mr. Trudeau. Similarly, in this instance, there could be no duty unless the Trust was a party to a contract with Avon. The Trust cannot logically be a party to the contract and a third party. Even if the Trust were construed to be a third person, there was no evidence introduced at trial that Donald Trudeau took an "active part" in the violation of a duty aside from merely being an agent of Avon. Consequently, there is an insufficient evidentiary basis to support the jury's verdict as a matter of law and at the very least compelling evidence that the interests of justice warrant a new trial.

## **CONCLUSION**

For the reasons set forth above, Donald Trudeau respectfully requests an Order from the Court directing that judgment as a matter of law as to Plaintiffs' claims be entered in his favor. In the alternative, Donald Trudeau moves for a new trial pursuant to Federal Rule of Civil Procedure 59.

Dated: August 11, 2015                    Respectfully submitted,

**DONALD TRUDEAU**

By his attorneys,


s/Jeffrey R. Peters
Kelly S. Hadac, admitted *pro hac vice*
Jeffrey R. Peters, admitted *pro hac vice*
HKM
30 East Seventh Street, Suite 3200
Saint Paul, MN 55101
(651) 227-9411 (phone)
(651) 223-5199 (fax)

and

K. Clark Schirle
Jonathan Barger
Butler, Pappas, Weihmuller, Katz, Craig, LLP
115 S. LaSalle Street, Suite 3200
Chicago, IL 60603
(312) 456-0900 (phone)
(312) 456-0909 (fax)

## CERTIFICATE OF SERVICE

      I hereby certify that the foregoing documents were filed electronically. Notice of this filing will be sent by e-mail to the parties to this case above by operation of the Court's electronic filing system. Parties may access the filing through the Court's filing system.

                                                  By:    s/Jeffrey R. Peters

2385860